1   Daniel J. O'Connor, Jr., Bar No. 010081
    Karen J. Stillwell, Bar No. 022711
2   **O'CONNOR & CAMPBELL, P.C.**
3   7955 South Priest Drive
    Tempe, Arizona   85284
4   daniel.oconnor@occlaw.com
    karen.stillwell@occlaw.com
5   (602) 241-7000
6
7   Attorneys for Defendant McKesson Corporation

8              **IN THE UNITED STATES DISTRICT COURT**

9              **FOR THE DISTRICT OF ARIZONA**

10  Tucson Medical Center, a
    corporation,                          Case No.:  CV-18-481-RCC
11
12                 Plaintiff,
           vs.                            **DISTRIBUTOR DEFENDANTS'**
13                                        **MOTION TO STAY PROCEEDINGS**
                                          **PENDING LIKELY TRANSFER TO**
14  Purdue Pharma L.P.; Purdue Pharma,    **MULTIDISTRICT LITIGATION**
    Inc.; The Purdue Frederick Company
15  Inc.; Amneal Pharmaceuticals, Inc.;
    Teva Pharmaceuticals USA, Inc.;
16  Cephalon, Inc.; Johnson & Johnson;
    Janssen Pharmaceuticals, Inc.;
17  Ortho-McNeil-Janssen
    Pharmaceuticals, Inc. n/k/a Janssen
18  Pharmaceuticals, Inc.; Janssen
    Pharmaceutica, Inc. n/k/a Janssen
19  Pharmaceuticals, Inc.; Abbott
    Laboratories; Abbott Laboratories,
20  Inc.; Depomed, Inc.; Endo Health
    Solutions Inc.; Endo Pharmaceuticals
21  Inc; Mallinckrodt, LLC; Insys
    Therapeutics, Inc.; Mallinckrodt PLC;
22  SpecGx; Allergan PLC f/k/a Actavis
    PLS; Watson Pharmaceuticals, Inc.
23  n/k/a Actavis Inc.; Watson
    Laboratories, Inc.; Actavis LLC.;
24  Actavis Pharma, Inc. f/k/a Watson
    Pharma, Inc.; Anda, Inc.; H.D. Smith,
25
26

LLC f/k/a H.D. Smith Wholesale Drug
Co.; Henry Schein, Inc.; McKesson
Corporation; AmerisourceBergen
Drug Corporation; and Cardinal
Health, Inc.

Defendants.

This action by Plaintiff Tucson Medical Center ("Plaintiff") is one of hundreds of related lawsuits asserting claims against pharmaceutical manufacturers, pharmaceutical distributors, and physicians arising out of the sale, marketing, and distribution of prescription opioid medications. Concurrently with the start of proceedings in this Court, the Judicial Panel on Multidistrict Litigation ("JPML") is deciding whether to transfer this action to a multidistrict litigation pending before Judge Dan Polster in the Northern District of Ohio ("MDL"), where the case would join other opioid-related actions involving common factual allegations, common legal issues, and common defendants.

In light of this action's likely transfer to the MDL, McKesson Corporation, Cardinal Health, Inc., and AmerisourceBergen Drug Corporation (collectively, "Distributor Defendants") request that the Court stay all proceedings until the JPML makes a final transfer decision.

The balance of interests favors a stay for three reasons. *First*, a temporary stay would not prejudice Plaintiff, because any delay resulting from a stay will be minimal. *Second*, not staying the case would impose unnecessary and unwarranted hardships on Defendants by forcing them to proceed in another, potentially unnecessary forum, and exposing them to the risk of inconsistent decisions. *Third*, and perhaps most importantly, a stay will promote judicial efficiency. If this case is transferred to the MDL, a single judge will be able to rule on remand motions and other pretrial matters in this and all other related

1  cases, thereby ensuring consistent rulings and conserving the courts' and the
2  parties' resources.

3  **I.    BACKGROUND**

4       On December 5, 2017, the JPML formed MDL 2804 in the Northern District
5  of Ohio to coordinate the resolution of hundreds of opioid-related actions then
6  pending in federal court.  *See* JPML Dkt.[1] No. 328 (attached as **Exhibit 1**).  In its
7  decision to transfer the first wave of cases for consolidated pretrial proceedings,
8  the JPML found that the actions "implicate[d] common fact questions as to the
9  allegedly improper marketing and widespread diversion of prescription opiates
10 into states, counties and cities across the nation. . . ."  *In re Nat'l Prescription*
11 *Opiate Litig.*, 290 F. Supp. 3d 1375, 1378-79 (J.P.M.L. 2017).

12      In total, the JPML has transferred more than 1,150 actions to the MDL,
13 including cases originating from this Court. *See* JPML Dkt. No. 2499 (transferring
14 *Kingman, City of v. Purdue Pharma LP*, No. 3:18-cv-08191 (D. Ariz.), and eight
15 other actions); JPML Dkt. No. 2415 (transferring *Hopkins v. Purdue Pharma LP*,
16 No. 2:18-cv-02646 (D. Ariz.); *Nw. Ariz. Emp. Benefit Tr. v. Purdue Pharma LP*,
17 No. 3:18-cv-08190 (D. Ariz); and twelve other actions); JPML Dkt. No. 2011
18 (transferring *Nat'l Roofers Union & Emp'rs Joint Health & Welfare Fund v.*
19 *Purdue Pharma LP*, No. 2:18-cv-01949 (D. Ariz.), and ten other actions).[2]  As

20 _____

21 [1] "JPML Dkt." refers to the JPML's docket in *In re National Prescription Opiate Litigation*, MDL
    No. 2804 (J.P.M.L.).
22 [2] *See also* JPML Dkt. No. 368 (CTO-1) (transferring 115 actions); JPML Dkt. No. 401 (CTO-2)
    (transferring eight actions); JPML Dkt. No. 525 (CTO-3) (transferring thirty-seven actions);
23 JPML Dkt. No. 546 (CTO-4) (transferring thirty-three actions); JPML Dkt. No. 601 (CTO-5)
    (transferring forty-four actions); JPML Dkt. No. 654 (CTO-6) (transferring sixteen actions);
24 JPML Dkt. No. 668 (CTO-7) (transferring eight actions); JPML Dkt. No. 716 (CTO-8)
    (transferring twelve actions); JPML Dkt. No. 753 (CTO-9) (transferring nineteen actions);
25 JPML Dkt. No. 772 (CTO-10) (transferring eighteen actions); JPML Dkt. No. 779 (CTO-11)
    (transferring nineteen actions); JPML Dkt. No. 817 (CTO-12) (transferring five actions); JPML
26 Dkt. No. 871 (CTO-13) (transferring eight actions); JPML Dkt. No. 899 (CTO-14) (transferring
    six actions); JPML Dkt. No. 962 (CTO-15) (transferring twenty-three actions); JPML Dkt.

1  new cases are filed across the country each week, the JPML continues—and will

2  continue—to transfer more actions to the MDL.

3        Plaintiff filed this opioid lawsuit in the Superior Court for Pima County,

4  Arizona, and McKesson removed the action to this Court based on federal officer

5  jurisdiction.  Supplemental Notice of Removal, Dkt. No. 2, CV 18-480-TUC-JGZ.

6  AmerisourceBergen also removed the action to this Court based on federal

7  question jurisdiction.   Notice of Removal, *Tucson Medical Center v. Purdue*

8  *Pharma LP*, CV-481-TUC-RCC (D. Ariz.) ("ABDC Dkt."), Dkt. No. 1.[3]  As set forth

9  in McKesson's removal notice, Plaintiff's allegations against McKesson relate to

10  and necessarily implicate McKesson's distribution of pharmaceuticals to the U.S.

11  Department of Veterans Affairs at the direction of a federal officer under a federal

12  contract.  Dkt. No. 2, ¶¶ 4-25, CV-18-480-TUC-JGZ.  Although Plaintiff ostensibly

13  pleads its theories of recovery against Defendants as state-law claims, the

14  underlying theory of liability is based on Defendants' alleged duties arising out of

15  federal law, specifically the Controlled Substances Act and related regulations.

16  ABDC Dkt. No. 1, CV-18-480-TUC-JGZ. Accordingly, federal question jurisdiction

17  provides an independent basis for removal because Plaintiff's state-law claims

18  necessarily raise a federal issue that is actually disputed and substantial, which a

19

20

21      No. 985 (CTO-16) (transferring fifteen actions); JPML Dkt. No. 1123 (CTO-18) (transferring thirty-eight actions); JPML Dkt. No. 1174 (CTO-19) (transferring twenty-seven actions); JPML

22  Dkt. No. 1182 (CTO-20) (transferring sixteen actions); JPML Dkt. No. 1200 (CTO-21) (transferring thirty-four actions); JPML Dkt. No. 1231 (transferring seventeen actions); JPML

23  Dkt. No. 1243 (CTO-23) (transferring nine actions); JPML Dkt. No. 1268 (CTO-24) (transferring seven actions); JPML Dkt. No. 1316 (CTO-25) (transferring eleven actions);

24  JPML Dkt. No. 1390 (CTO-26) (transferring four actions); JPML Dkt. No. 1416 (CTO-27) (transferring seventeen actions); JPML Dkt. No. 1422 (CTO-28)(transferring six actions).

25  [3] Due to a delay in the case numbers being generated and assigned by the United States District Court's CM/ECF system, McKesson and AmerisourceBergen were unable to file their

26  respective removal notices on the same docket.   The Court *sua sponte* merged and consolidated Case No. CV-480-TUC-JGZ into Case No.: CV-481-TUC-RCC and ordered pleadings from Case No. CV-480-TUC-JGZ to be filed into Case No. CV-481-TUC-RCC.

1  federal forum may entertain without disturbing any congressionally-approved
2  balance of federal and state judicial responsibilities.  *Id.* ¶¶ 19-44.  Thereafter,
3  Plaintiff filed a motion to remand on the grounds that federal question jurisdiction
4  was lacking. Emergency Motion to Remand, Dkt. Nos. 1 & 8, CV-480-TUC-JGZ;
5  CV-481-TUC-RCC.[4]

6       Distributor Defendants intend to tag this case for possible transfer to the
7  MDL pending in the Northern District of Ohio. The JPML will soon issue a
8  conditional transfer order based on this notice; should Plaintiff oppose transfer,
9  the JPML will stay its conditional order and issue a briefing schedule.  McKesson
10  anticipates that the JPML will make a final transfer decision shortly after its next
11  available hearing on November 29, 2018.

12  **II.**   **ARGUMENT**

13       It is well established that this Court's power to stay proceedings is
14  "incidental to the power inherent in every court to control the disposition of the
15  causes on its docket with economy of time and effort for itself, for counsel, and
16  for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  Consistent with
17  this power, courts regularly stay proceedings and defer consideration of remand
18  motions where, as here, a case will likely transfer to the MDL.  The rationale is
19  straightforward: if the case transfers to the MDL, the transferee judge can rule on
20  any remand motion in conjunction with all other remand motions presenting the
21  same issue, along with all other pretrial matters, thereby preserving judicial
22  resources, ensuring consistent decisions, and avoiding the risk of inconsistent
23  litigation.

24

25  [4] Plaintiff filed identical motions to remand in the two dockets opened by McKesson's federal
26  officer removal notice and AmerisourceBergen's federal question removal notice, respectively. Plaintiff's remand motion addresses the adequacy of federal question jurisdiction in this case.  On September 26, 2018, Plaintiff filed a subsequent "Emergency Response" to McKesson's Supplemental Notice of Removal. *See* Dkt. No. 11, CV-18-481-TUC-RCC.

1     District courts in the Ninth Circuit apply the same general rule and often
2   stay proceedings and defer consideration of any remand motions until the JPML
3   decides whether to transfer an action to an MDL.  *See, e.g.*, *Ernyes-Kofler v.*
4   *Sanofi S.A.*, 2017 WL 813506, at *2 (N.D. Cal. Mar. 2, 2017) (granting a stay and
5   denying without prejudice a remand motion pending the JPML's final transfer
6   decision, and noting that "courts frequently grant stays pending a decision by the
7   MDL panel regarding whether to transfer a case") (citation omitted); *Lange v.*
8   *Mentor Worldwide LLC*, 2013 WL 12153511, at *2 (C.D. Cal. Oct. 15, 2013)
9   (staying proceedings and deferring consideration of a remand motion pending
10  the JPML's transfer decision, and noting that "[n]umerous other courts in this
11  Circuit have granted motions to stay and deferred ruling on a motion to remand
12  pending transfer to the MDL"); *Pate v. DePuy Orthopaedics, Inc.*, 2012 WL
13  3532780, at *2 (D. Nev. Aug. 14, 2012) ("[G]ranting a stay of proceedings
14  pending transfer to [the MDL] promotes judicial efficiency and consistent
15  adjudication in cases like this one, when the transferor court believes that a
16  transfer order is likely and when the pending motions raise issues likely to be
17  raised in other cases as well.") (internal quotation and citation omitted); *Couture*
18  *v. Hoffman-La Roche, Inc.*, 2012 WL 3042994, at *4 (N.D. Cal. July 25, 2012)
19  (granting a stay and denying without prejudice a remand motion pending the
20  JPML's final transfer decision); *Freitas v. McKesson Corp.,* 2012 WL 161211, at
21  *3 (N.D. Cal. Jan. 10, 2012) (granting a stay and denying a remand motion as
22  premature pending the JPML's final transfer decision).

23     "When considering a motion to stay, the district court should consider three
24  factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity
25  to the moving party if the action is not stayed; and (3) the judicial resources that
26  would be saved by avoiding duplicative litigation if the cases are in fact

1  consolidated." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal.

2  1997).  This Court may properly decide a motion to stay based exclusively on

3  these factors regardless of whether the non-moving party filed or expressed an

4  intent to file a motion to remand.  *See, e.g.*, *Johnson v. Sanofi, S.A.*, 2017 WL

5  1326311, at *2 (E.D. Cal. Apr. 11, 2017) (Ninth Circuit has not expressly adopted

6  an approach that would first give preliminary scrutiny to the merits of a remand

7  motion "because preliminary scrutiny under the [test] arguably undermines the

8  streamlining rationale of the MDL system") (internal quotation and citation

9  omitted).

10  Considering the same or similar factors, federal district courts in more than

11  thirty opioid-related cases like this one have stayed proceedings in materially

12  similar circumstances.[5]  For example, another federal district court in the Ninth

13

---

14  [5] *See, e.g.*, *Chicago v. Janssen Pharm. Inc.*, No. 1:14-cv-4361 (N.D. Ill. Nov. 16, 2017), ECF
No. 659 (granting Defendants' opposed motion for "stay pending decision by JPML on a
15  motion to transfer"); *Cty. of Wayne v. Purdue Pharma L.P.*, No. 17-cv-13334 (E.D. Mich. Nov.
15, 2017), ECF No. 29  (finding a stay "appropriate in order to allow the [JPML] to hear and
16  rule on the consolidation motion"); *Lewis v. Purdue Pharma, L.P.*, No. 5:17-cv-5118 (W.D.
Ark. Oct. 25, 2017), ECF No. 57 (holding deadlines and hearing dates in abeyance); *see also*
17  *Knott Cty. v. Purdue Pharma L.P.*, No. 7:18-CV-0006 (E.D. Ky. Jan. 31, 2018), ECF No. 12;
*Anderson Cty. v. AmerisourceBergen Drug Corp.*, No. 17-cv-00070 (E.D. Ky. Nov. 3, 2017),
18  ECF No. 19; *Boone Cty. v. AmerisourceBergen Drug Corp.*, No. 17-cv-00157 (E.D. Ky. Nov.
3, 2017), ECF No. 23; *Boyle Cty. v. AmerisourceBergen Drug Corp.*, No. 17-cv-00367 (E.D.
19  Ky. Nov. 3, 2017), ECF No. 19; *Campbell Cty. v. AmerisourceBergen Drug Corp.*, No. 17-cv-
00167 (E.D. Ky. Nov. 3, 2017), ECF No. 21; *Garrard Cty. v. AmerisourceBergen Drug Corp.*,
20  No. 17-cv-00369 (E.D. Ky. Nov. 3, 2017), ECF No. 20; *Fleming Cty. v. AmerisourceBergen
Drug Corp.*, No. 17-cv-00368 (E.D. Ky. Nov. 3, 2017), ECF No. 18; *Harlan Cty. v.*
21  *AmerisourceBergen Drug Corp.*, No. 17-cv-00247 (E.D. Ky. Nov. 3, 2017), ECF No. 19; *Knox
Cty. v. AmerisourceBergen Drug Corp.*, No. 17-cv-00248 (E.D. Ky. Nov. 3, 2017), ECF No.
22  20; *Leslie Cty. v. AmerisourceBergen Drug Corp.*, No. 17-cv-00249 (E.D. Ky. Nov. 3, 2017),
ECF No. 20; *Lincoln Cty. v. AmerisourceBergen Drug Corp.*, No. 17-cv-00370 (E.D. Ky. Nov.
23  3, 2017), ECF No. 20; *Madison Cty. v. AmerisourceBergen Drug Corp.*, No. 17-cv-00371
(E.D. Ky. Nov. 2, 2017), ECF No. 21; *Nicholas Cty. v. AmerisourceBergen Drug Corp.*, No.
24  17-cv-00373 (E.D. Ky. Nov. 2, 2017), ECF No. 21; *Franklin Cty. v. AmerisourceBergen Drug
Corp.*, No. 17-cv-00071 (E.D. Ky. Nov. 2, 2017), ECF No. 19; *Henry Cty. v.*
25  *AmerisourceBergen Drug Corp.*, No. 17-cv-00073 (E.D. Ky. Nov. 2, 2017), ECF No. 20;
*Shelby Cty. v. AmerisourceBergen Drug Corp.*, No. 17-cv-00072 (E.D. Ky. Nov. 2, 2017), ECF
26  No. 20; *Kenton Cty. v. AmerisourceBergen Drug Corp.*, No. 17-cv-00182 (E.D. Ky. Nov. 28,

Circuit presented with a similar opioid-related action, also removed on federal question jurisdiction, held that "[b]ecause the issues involved in the remand motion are likely to arise in the cases that have been or will be transferred, judicial economy would be served by issuing the stay."  Order Staying Action Pending JPML Action at 3, *Cty. of San Mateo v. McKesson Corp.*, 3:18-cv-04535 (N.D. Cal. Aug. 28, 2018), ECF No. 22 (attached as **Exhibit 2**).  And in an opioid-related action that was removed on federal officer jurisdiction, another district court from within the Ninth Circuit reached precisely the same result.  Order Granting Motions to Stay at 3, *Robinson Rancheria v. McKesson Corp.,* 3:18-CV-02525-VC (N.D. Cal. July 16, 2018), ECF No. 23 ("[A]ny hardship resulting from that delay [resulting from a stay] is outweighed by the benefits of centralized consideration of the jurisdictional issues raised in these [remand] motions.") (attached as **Exhibit 3**).

Other courts across the country, faced with similar opioid actions brought against the same, or overlapping, groups of defendants, have concluded that that "[s]taying the proceedings so that one court can issue one ruling on a difficult issue appears to be the best option for all involved."  Opinion and Order at 4, *Lac Courte Oreilles Band of Lake Superior Chippewa Indians v. McKesson Corp.*, No. 3:18-cv-00286 (W.D. Wis. May 25, 2018), ECF No. 26 at 4 (attached as **Exhibit 4**); *see also* Order, *City of Jacksonville v. Purdue Pharma L.P.*, No. 3:18-

2017), ECF No. 25; *Bell Cty. v. AmerisourceBergen Drug Corp.*, No. 17-cv-00246 (E.D. Ky. Oct. 27, 2017), ECF No. 21; *City of Lorain v. Purdue Pharma, L.P.*, No. 1:17-cv-01639 (N.D. Ohio Oct. 27, 2017), ECF No. 66; *Boyd Cty. v. AmerisourceBergen Drug Corp.*, No. 17-cv-00104 (E.D. Ky. Oct. 27, 2017), ECF No. 19; *Greenup Cty. v. AmerisourceBergen Drug Corp.*, No. 17-cv-00105 (E.D. Ky. Oct. 27, 2017), ECF No. 19; *Clay Cty. v. AmerisourceBergen Drug Corp.*, No. 17-cv-00255 (E.D. Ky. Oct. 27, 2017), ECF No. 20; *Pendleton Cty. v. AmerisourceBergen Drug Corp.*, No. 17-cv-00161 (E.D. Ky. Oct. 27, 2017), ECF No. 23; *Whitley Cty. v. AmerisourceBergen Drug Corp.*, No. 17-cv-00250 (E.D. Ky. Oct. 27, 2017), ECF No. 19; *Kentucky, ex rel. Beshear v. McKesson Corp.*, No. 3:18-cv-00010-GFVT (E.D. Ky. Apr. 12, 2018), slip op. at *3.

1   cv-751-J-32PDB (M.D. Fla., Aug. 22, 2018), ECF No. 43 (attached as **Exhibit 5**);

2   Order, *Vill. of Melrose Park v. Purdue Pharma L.P.*, No. 1:18-cv-05288 (N.D. Ill.

3   Aug. 10, 2018), ECF No. 26 ("On balance, the slight delay in Plaintiffs obtaining a

4   ruling on their motion to remand is outweighed by the interests in judicial

5   economy and the prejudice caused by potentially inconsistent results.") (attached

6   as **Exhibit 6**); Order at 3, *Kentucky v. McKesson Corp.*, No. 3:18-cv-00010 (E.D.

7   Ky. Apr. 12, 2018), ECF No. 14, at *3 ("Judge Polster has indicated his desire to

8   address motions to remand *collectively* . . . ." (emphasis added)) (attached as

9   **Exhibit 7**).

10          **A.      A Stay Will Promote Judicial Economy and Consistency.**

11          Granting a stay in this case will conserve judicial resources, prevent

12   duplicative litigation, and ensure uniform adjudication.  "Preservation of judicial

13   resources is a primary factor to consider in evaluating a motion to stay

14   proceedings pending a transfer to an MDL court."  *Jones*, 2013 WL 3388659, at

15   *2.  Thus, "a majority of courts have concluded that it is often appropriate to stay

16   preliminary pretrial proceedings while a motion to transfer and consolidate is

17   pending with the MDL Panel because of the judicial resources that are

18   conserved."  *Rivers*, 980 F. Supp. at 1362.  This case exemplifies those

19   efficiencies.  If the JPML transfers the case, the Northern District of Ohio will

20   decide not only Plaintiff's remand motion, but all other remand motions

21   presenting similar issues, as well as all other pretrial issues that this case shares

22   in common with the hundreds of other opioid lawsuits already in the MDL.

23   Allowing a single judge to rule on these issues will guarantee consistent rulings

24   and prevent duplicative judicial efforts.

25          Deferring consideration of a remand motion in the interest of judicial

26   economy is especially appropriate where the issues presented in the remand

motion are likely to arise in other cases in the MDL.  *See Beatty v. Merck & Co.*, Inc., 2006 WL 2943090, at *1 (E.D. Cal. Oct. 13, 2006) ("Given the number of cases that present this exact jurisdictional question[,] . . . the interest of judicial economy favors staying this action pending its transfer to the MDL proceeding."). This is precisely the case here: the issue presented by Plaintiff's remand motion as to McKesson's Supplemental Notice of Removal (*i.e.*, whether the Complaint necessarily implicates McKesson's distribution of pharmaceuticals made at the direction of a federal officer), is not only likely to arise in other cases that will transfer to the MDL—it has *already been decided* by the MDL court, which *denied* remand in two other federal officer removal cases where the plaintiff put at issue distributions relating to McKesson's federal contract.  Opinion and Order, *In re Nat'l Prescription Opiate Litig.*, M.D.L. 2804 (N.D. Ohio Sept. 4, 2018), ECF No. 934 (attached as **Exhibit 8**).  Additionally, the issue presented by Plaintiff's remand motion as to AmerisourceBergen's Notice of Removal (*i.e.*, whether state law causes of action predicated on alleged violations of the Controlled Substances Act raise substantial federal questions) has already arisen in a host of other cases that have or may transfer to the MDL, and which the MDL court will ultimately decide.  *See, e.g.*, *City of Paterson v. Purdue Pharma L.P.*, No. 2:17-cv-13433 (D.N.J.) (removed on federal-question grounds); *North Miss. Med. Ctr., Inc., et al. v. McKesson Corp.*, No. 1:18-cv-00078 (N.D. Miss.) (same); *Cty. of Hudson v. Purdue Pharma L.P,*. No. 2:18-cv-09029 (D.N.J.) (same); *see also Ne. Carpenters Funds v. Purdue Pharma L.P.*, No. 2:18-cv-09973 (D.N.J.) (removed on federal-question grounds and transferred to the MDL without objection).  Judge Polster should be given the opportunity to rule on any similar remand motions in a manner consistent with his previous holdings, as to avoid inconsistent application of the same legal principle.

1    Simply put, any judicial effort expended on this action by this Court now

2  will end up wasted if the case is confirmed for transfer to the MDL.  *See Ernyes-*

3  *Kofler*, 2017 WL 813506, at *2 (proceeding with a conditionally transferred case

4  would require the Court to "needlessly expend[] its energies familiarizing itself

5  with the intricacies of a case that [will] be heard by another judge."(quoting

6  *Rivers*, 980 F. Supp. at 1360–61)).  By contrast, if the case ultimately is not

7  transferred, this Court may simply engage with the issues following the JPML's

8  decision.

9    A stay will also ensure consistent adjudication of the issues this case

10 shares with many others in the MDL.  In addition to the jurisdictional issues this

11 case shares with dozens of other cases, this case shares makes the same

12 factual allegations and pleads the same legal claims as hundreds of other cases

13 already in the MDL.  Pending a final decision on MDL transfer, this Court has

14 stayed proceedings to preserve judicial resources, prevent redundant litigation,

15 and ensure consistent adjudication.  *See Palmer v. Am. Honda Motor Co.*, No.

16 CV07-1904-PHX-DGC, 2008 WL 54914, at *1 (D. Ariz. Jan. 3, 2008) ("A stay will

17 conserve judicial resources by avoiding duplicative litigation in the four districts

18 now considering similar actions.").

19    **B.    Defendants Will Suffer Significant Hardship Without a Stay.**

20    Denying a stay will needlessly harm Defendants.  Defendants are involved

21 in over a thousand opioid-related lawsuits across the country, and the central

22 goal of the MDL is to consolidate these actions in a single court to "substantially

23 reduce the risk of duplicative discovery, minimize the possibility of inconsistent

24 pretrial obligations, and prevent conflicting rulings on pretrial motions."  *In re Nat'l*

25 *Prescription Opiate Litig.*, 290 F. Supp. 3d at 1379.  Allowing this case to proceed

26

on a separate track from the thousand-plus related actions in the MDL will frustrate the purpose of the MDL.

Absent a stay, Defendants will be subjected to duplicative litigation in multiple, geographically disparate fora. *Blalock v. DePuy Orthopaedics, Inc.*, 2011 WL 6217540, at *2 (N.D. Cal. Dec. 14, 2011) ("[T]he potential burden [to Defendant s] of engaging in duplicative litigation weighs heavily in favor of staying these proceedings pending MDL transfer."). Furthermore, proceeding in multiple fora will result in "hardship and inequity to [Defendants] that could arise from inconsistent discovery rulings in [] various districts." *Palmer*, 2008 WL 54914, at *1.

### C.   A Stay Will Cause Minimal, if Any, Prejudice to Plaintiff.

By contrast, Plaintiff cannot identify any meaningful prejudice it would suffer as a result of a stay. Given that this case will soon be tagged for transfer to the MDL, any delay to the proceedings would only be until the JPML issues its transfer decision, which will most likely be at its next hearing on November 29, 2018. *See Stark v. Pfizer*, 2014 WL 2938445, at *2 (N.D. Cal. June 27, 2014); *Palmer*, 2008 WL 54914, at *1 ("Because the Panel will hear the motion for transfer at the end of this month, the Court concludes that Plaintiffs will not suffer prejudice as a result of a stay of this action.").

Plaintiff will not be prejudiced if this Court were to defer consideration of its remand motion pending the JPML's final transfer decision. If the JPML decides to transfer this case, Plaintiff will have the opportunity to present motions to remand or any other jurisdictional arguments in the Northern District of Ohio. *See, e.g.*, *Ernyes-Kofler*, 2017 WL 813506, at *2 ("If the case is transferred, Plaintiffs will be able to make their jurisdictional arguments before the MDL court. No harm comes from a brief delay while the JPML decides whether to transfer

1  this case.") (internal citations omitted).  As other courts within this Circuit have
2  noted, when faced with virtually identical circumstances in other opioid cases:
3  "[w]hen motions to stay and to remand are pending, deference to the MDL court
4  for resolution of a motion to remand often provides the opportunity for the
5  uniformity, consistency, and predictability in litigation that underlies the MDL
6  system."  Ex. 2, at *2 (quoting *Nielsen v. Merck & Co.*, 2007 WL 806510, at *1
7  (N.D. Cal. Mar. 15, 2007)).

8      Should the JPML decline a transfer, Plaintiff could refile its remand motion
9  or proceed with its case in this Court at that time.  *See, e.g.*, *Nielsen*, 2007 WL
10 806510, at *2 ("Plaintiff does not establish any specific prejudice that would be
11 caused by deferring resolution of the remand question until the MDL court can
12 address it alongside similar cases.  There will still be a judicial determination of
13 the 'fraudulent joinder' issues if the case is transferred.  If it is not, Plaintiff may
14 renew his remand motion here.").

15                              **<u>CONCLUSION</u>**

16      For these reasons, the Distributor Defendants respectfully requests that
17 the Court stay all proceedings in this case until the JPML decides whether to
18 transfer this case to the MDL.

19      Dated this 27th day of September, 2018.

20
21                                   **O'CONNOR & CAMPBELL, P.C.**
22
23                                   By: */s/ Daniel J. O'Connor, Jr.*
                                          Daniel J. O'Connor, Jr.
24                                        Karen J. Stillwell
                                          Attorneys for Defendant
25                                        McKesson Corporation
26

                                      - 13 -

1    | JENNINGS, STROUSS & SALMON,
2    | PLLC

3

4    | By: /s/ Jay Fradkin
     |     Jay Fradkin
5    |     John J. Kastner, Jr.
     |     Attorneys for Defendant
6    |     AmerisourceBergen Drug
     |     Corporation
7

8    | **WILLIAMS & CONNOLLY, LLP**

9    | By: /s/ Enu Mainigi
     |     Enu Mainigi*
10   |     F. Lane Heard III*
     |     Steven M. Pyser*
11   |     Ashely W. Hardin*
     |     Attorneys for Defendant
12   |     Cardinal Health, Inc.
13

14   | *denotes national counsel who will
     | seek pro hac vice admission
15

16

17   | <u>**CERTIFICATE OF FILING**</u>

18

19    I hereby certify that on September 27, 2018, I electronically transmitted the
attached document to the Clerk's office using the CM/ECF system for filing and
20   transmittal of a Notice of Electronic Filing to the following registrants:

21
Steven C. Mitchell
22   Samuel F. Mitchell
Mitchell & Speights, LLC
23   4854 E. Baseline Rd., Suite 103
Mesa, AZ 85206
24   steve@mitchellspeights.com
sam@mitchellspeights.com
25   Attorneys for Plaintiff
26

- 14 -

John W. Barrett
Barrett Law Group, PA
PO Box 927
Lexington, MS 39095
Attorney for Plaintiff

Linda Singer
Motley Rice, LLC
401 9th Street NW
Washington, DC 20004
Attorney for Plaintiff

/s/ *Karen Larson*