John J. Kastner, Jr. - State Bar No. 021529
jkastner@jsslaw.com
Jay A. Fradkin – State Bar No.      006864
jfradkin@jsslaw.com
JENNINGS, STROUSS & SALMON, P.L.C.
A Professional Limited Liability Company
1760 E. River Road, Suite 230
Tucson, AZ 85718-5990
(520) 618-1051
Fax: (520) 618-1071

MinuteEntries@jsslaw.com

*Attorneys for Defendant*
*AmerisourceBergen Drug Corporation*

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Tucson Medical Center, a corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Purdue Pharma L.P.; Purdue Pharma, Inc.; The Purdue Frederick Company Inc.; Amneal Pharmaceuticals, Inc.; Teva Pharmaceuticals USA, Inc.; Cephalon, Inc.; Johnson & Johnson; Janssen Pharmaceuticals, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Abbott Laboratories; Abbott Laboratories, Inc.; Depomed, Inc.; Endo Health Solutions Inc.; Endo Pharmaceuticals Inc; Mallinckrodt, LLC; Insys Therapeutics, Inc.; Mallinckrodt PLC; SpecGx; Allergan PLC f/k/a Actavis PLS; Watson Pharmaceuticals, Inc. n/k/a Actavis Inc.; Watson Laboratories, Inc.; Actavis LLC; | Case No.: CV-18-481-RCC<br><br>**EMERGENCY JOINT MOTION FOR CLARIFICATION REGARDING MOTION TO DISMISS BRIEFING SCHEDULE** |

1

Actavis Pharma, Inc. f/k/a Watson Pharma, Inc.; Anda, Inc.; H.D. Smith, LLC f/k/a H.D. Smith Wholesale Drug Co.; Henry Schein, Inc.; McKesson Corporation; AmerisourceBergen Drug Corporation; and Cardinal Health, Inc.

Defendants.

Distributor Defendants (including AmerisourceBergen Drug Corporation, Cardinal Health, Inc., McKesson Corporation, Henry Schein, Inc. and H.D. Smith, LLC) respectfully move for emergency clarification of the Court's September 27, 2018 order (Dkt. No. 24) denying them an extension of time to move to dismiss the Complaint until the later of thirty (30) days after:  (1) this Court's ruling on any motion to remand; or (2) the entry of a decision by the JPML granting a motion to vacate a conditional transfer order covering this action (or otherwise finally denying transfer of this action to the MDL), *see* Dkt. No. 17.  As set forth below, this schedule is inconsistent with the procedural posture of this case and will impose an unreasonable burden on the Distributor Defendants.

Distributor Defendants therefore request that the Court give effect to the previously entered, stipulated state-court order (attached hereto as Ex. 1) granting Distributor Defendants until October 15, 2018 to respond to the Complaint.  It was by oversight that Distributor Defendants did not bring this state-court order to the Court's attention in their motion for extension of time.  Distributor Defendants also request, pursuant to Local Rule 5(b), that the Court grant them a one-time 30-day extension (until October 31, 2018) to submit their answers to the Complaint.  Extension of Distributor Defendants' motion to dismiss and answer deadlines are supported by good cause for the following reasons:

First, it would be exceedingly difficult and burdensome, if not impossible, for Distributor Defendants to draft an answer (as opposed to a motion to dismiss) to Plaintiff's

997-paragraph complaint and have their clients review and approve such an answer within seven days (five of which days already have passed).  Pursuant to the prior state court order (Ex. 1), Distributors have until October 15 to answer the complaint, but given the length of Plaintiff's complaint, Distributors respectfully request, pursuant to Local Rule 5(b), that, at a minimum, the Court grant Distributors an extension of 30 days to provide an answer to the Complaint.  L.R. 5(b) ("Upon a showing that a defendant cannot reasonably respond to a complaint within the time set forth in Rule 12(a)(1)-(3), the court may, with or without awaiting a response from the opposing party, grant a one-time extension of up to 30 days to respond to the complaint.").[1]

Second, there is good cause for a short extension of time to permit Plaintiff's challenge to the Court's jurisdiction to be resolved.  Plaintiff contends that this case should proceed in Arizona state court and that this Court lacks subject matter jurisdiction.  Defendants disagree, but regardless of how the Court rules on whether this Court has subject matter jurisdiction, this case almost will certainly not proceed in this Court.  If the Court grants Plaintiff's motion to remand, and that decision is upheld on appeal, *see infra* at 3–4, the case will be remanded to state court.  If the Court denies Plaintiff's motion to remand and rules that there is federal subject matter jurisdiction, then this case most likely will be transferred to *In re National Prescription Opiate Litigation* MDL (No. 2804) in the Northern District of Ohio and will be adjudicated in that federal forum.[2]  To require

---

[1]  Additionally, pursuant to LRCiv 12.1, defendants are required to confer with counsel for plaintiff regarding the bases for the motion to dismiss.  This would be difficult given the current deadline, if not impossible, given the length of the complaint, the claims made and the number of parties involved.

[2]  Cases similar to the instant case—brought by plaintiffs similar to Tucson Medical Center against these same defendants related to the opioid epidemic—are already pending in the MDL.

3

Distributors to file a motion to dismiss in this Court at all, much less with only seven days' notice, is an inefficient use of judicial and the parties' resources.

Third, even if this case were going to proceed in this federal jurisdiction, an extension of time to allow the jurisdictional issue to be decided is warranted because the Court should not rule on any substantive motions to dismiss before it has determined if it has proper subject matter jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("The requirement that Jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" (quoting *Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884))); *id.* ("Without jurisdiction, the court cannot proceed at all in any cause. Jurisdiction is power to declare law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." (quoting *Ex Parte McCardle*, 74 U.S. 506, 514 (1868))); The Late Charles Alan Wright & Arthur Miller, 14C Fed. Prac. & Proc. Juris. § 3739 (4th ed. 2018) (A "district court must be certain that federal subject-matter jurisdiction is proper before entertaining a defendant's motion under Federal Civil Rule 12.").

The Court has ordered expedited briefing on one aspect of this Court's potential subject matter jurisdiction (federal question jurisdiction), Dkt. No. 23, but McKesson Corporation ("McKesson") removed this case pursuant to the federal officer removal statute, 28 U.S.C. § 1442(a)(1). As of the time of filing, however, the Court has not ordered expedited briefing on federal officer removal. This basis for removal is especially relevant because, pursuant to 28 U.S.C. § 1442(a)(1), McKesson has an automatic right of appeal of any remand decision regarding federal officer removal. 28 U.S.C. § 1447(d) (An "order remanding a case to the State court from which it was removed pursuant to section

4

1442 or 1443 of this title *shall* be reviewable by appeal or otherwise.") (emphasis added); *Mays v. City of Flint*, 871 F.3d 437, 442 (6th Cir. 2017) ("This timely appeal of the remand order is authorized by 28 U.S.C. § 1447(d) because [defendants] removed the case under 28 U.S.C. § 1442.").[3]

Thus, if this Court remands the case, McKesson will move this Court for an order directing the Clerk of the Court to stay execution of any remand order for 14 days, pursuant to Federal Rule of Civil Procedure 62(a) because a remand order denying federal officer removal jurisdiction is an "order from which an appeal lies," pursuant to 28 U.S.C. § 1447(d). *See* Fed. R. Civ. P. 62(a) ("Except as stated in this rule, no execution may issue on a judgment, nor may proceedings be taken to enforce it, until 14 days have passed after its entry."). A significant amount of time thus may elapse before the issue of which court properly has jurisdiction over this case will be decided and before this Court could conceivably consider any substantive motion to dismiss. A short extension of time to file motions to dismiss therefore is not likely to add any additional delay to resolution of this matter.

Fourth, this extension will cause no prejudice to Plaintiff. Plaintiff already had agreed to grant Distributors an extension of time to respond to the Complaint until October 15, 2018. Dkt. 21 ¶ 1. Their subsequent refusal to agree to an extension in this Court therefore is puzzling and without basis. In fact, one of the reasons they claim the extension

---

[3] In a recent ruling in the MDL, Judge Polster considered a motion to remand a case similarly removed by McKesson on federal officer grounds and declined to remand, concluding that the removal was proper. *See* Opinion and Order, *In re National Prescription Opiate Litigation* MDL (No. 2804) (Sept. 4, 2018) (ECF No. 934) (denying remand in two cases filed by the Cherokee Nation and Lac Courte Oreilles Band of Lake Superior Chippewa Indians that had been removed by McKesson pursuant to 28 U.S.C. § 1442) (attached hereto as Ex. 2).

should be denied is because this Court lacks subject matter jurisdiction. *Id.* It cannot prejudice Plaintiff if Distributors do not file a dispositive motion before a court that they claim lacks authority to decide that motion.[4]

Fifth, the separate group of manufacturing defendants has a state court order (as do Distributor Defendants) granting them an extension until October 15. It makes sense to have all of the defendants' motions to dismiss due at the same time.

For all of these reasons, Distributors respectfully request that the Court readdress on an emergency basis its order denying Distributors request for an extension of time to move to dismiss and answer the Complaint. Distributor Defendants request an extension of time to file motions to dismiss the Complaint until October 15, 2018. Distributor Defendants request an extension of time until October 31, 2018 to answer the Complaint, but at a minimum, they request an extension of the answer deadline to at least October 15.

Given the impending weekend and the Monday deadline, Distributors are available for a telephonic conference with the Court on this issue today (Friday, September 28, 2018).

DATED this 28th day of September, 2018.

>JENNINGS STROUSS & SALMON, P.L.C.
>By: *s/ John J. Kastner, Jr.*
>    John J. Kastner, Jr.
>    Jay A. Fradkin
>    *Attorneys for Defendant AmerisourceBergen Drug Corporation*

---

[4] Plaintiff's claim that Distributors do not need an extension to respond to its 997-paragraph complaint because they have moved to dismiss other complaints across the country—not in Arizona—has no merit. While there is overlap amongst some of the general issues, the particular claims asserted by Plaintiff and the law governing its claims must be specifically addressed in any motion to dismiss, and Distributors have had no prior occasion to brief a hospital's claims under the law of Arizona.

6

# CERTIFICATE OF FILING

I hereby certify that on September 28, 2018, I electronically transmitted the attached document to the Clerk's office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following registrants:

Steven C. Mitchell
Samuel F. Mitchell
Mitchell & Speights, LLC
4854 E. Baseline Rd., Suite 103
Mesa, AZ 85206
steve@mitchellspeights.com
sam@mitchellspeights.com
*Attorneys for Plaintiff*

John W. Barrett
Barrett Law Group, PA
PO Box 927
Lexington, MS 39095
*Attorney for Plaintiff*

Linda Singer
Motley Rice, LLC
401 9th Street NW
Washington, DC 2004
*Attorney for Plaintiff*

Daniel J. O'Connor
Karen Johnson Stillwell
OConnor & Campbell PC
7955 S. Priest Drive
Tempe, AZ  85284
caseadmin@occlaw.com
Karen.stillwell@occlaw.com
*Attorneys for Defendant McKesson Corporation*

The attached document was served on September 28, 2018, by e-mail to the following who are not registered participants of the CM/ECF System:

| | |
|---|---|
| Mark S. Cheffo<br>Hayden A. Coleman<br>Jae Hong Lee<br>DECHERT LLP<br>Three Bryant Park<br>1095 Avenue of the Americas<br>New York, NY  10036-6797 | Paul J. Cosgrove<br>ULMER & BERNE-CINCINNATI<br>Ste. 2800, 600 Vine Street<br>Cincinnati, OH  45202<br>513-698-5034<br>pcosgrove@ulmer.com<br>*Attorney for Amneal Pharmaceuticals, Inc.* |

| | | |
|---|---|---|
| 1 | (212) 698-3500<br>mark.cheffo@dechert.com | |
| 2 | hayden.coleman@dechert.com<br>jae.lee@dechert.com | |
| 3 | *Attorneys for Purdue Pharma LP,*<br>*Purdue Pharma, Inc. and The Purdue* | |
| 4 | *Frederick Company* | |
| 5 | Christina M. Vitale<br>MORGAN, LEWIS & BOCKIUS LLP | James Collie IV<br>MORGAN, LEWIS & BOCKIUS LLP |
| 6 | 1000 Louisiana St #4000<br>Houston, TX  77002 | 600 Anton Blvd.<br>Costa Mesa, CA  92626 |
| 7 | (713) 89-5764<br>christina.vitale@morganlewis.com | (949) 399-7199<br>collie.james@morganlewis.com |
| 8 | *Attorney for Teva Pharmaceuticals USA,*<br>*Inc.; Cephalon, Inc.; Watson Laboratories,* | *Attorney for Teva Pharmaceuticals USA,*<br>*Inc.; Cephalon, Inc.; Watson Laboratories,* |
| 9 | *Inc.; Actavis LLC; Actavis Pharma, Inc.*<br>*f/k/a Watson Pharma, Inc.* | *Inc.; Actavis LLC; Actavis Pharma, Inc.*<br>*f/k/a Watson Pharma, Inc.* |
| 10 | Steven A. Reed<br>MORGAN, LEWIS & BOCKIUS LLP | Brian M. Ercole<br>MORGAN, LEWIS & BOCKIUS LLP |
| 11 | 1701 Market Street<br>Philadelphia, PA  19103 | 200 S. Biscayne Blvd., Suite 5300<br>Miami, FL  33131-2339 |
| 12 | (215) 963-5000<br>steven.reed@morganlewis.com | Brian.ercole@morganlewis.com<br>*Attorney for Teva Pharmaceuticals USA,* |
| 13 | *Attorney for Teva Pharmaceuticals USA,*<br>*Inc.; Cephalon, Inc.; Watson Laboratories,* | *Inc.; Cephalon, Inc.; Watson Laboratories,*<br>*Inc.; Actavis LLC; Actavis Pharma, Inc.* |
| 14 | *Inc.; Actavis LLC; Actavis Pharma, Inc.*<br>*f/k/a Watson Pharma, Inc.* | *f/k/a Watson Pharma, Inc.* |
| 15 | | |
| 16 | Charles Lifland<br>O'MELVENY & MYERS LLP | John A. McCauley<br>James K. O'Connor |
| 17 | 400 S. Hope Street<br>Los Angeles, CA  90071 | Venable LLP<br>750 E. Pratt Street |
| 18 | 213-430-6000<br>clifland@omm.com | Suite 900<br>Baltimore, MD 21202 |
| 19 | *Attorney for Johnson & Johnson; Janssen*<br>*Pharmaceuticals, Inc.; Ortho-McNeil-* | T:  (410) 244-7655<br>F:  (410) 244-7742 |
| 20 | *Janssen Pharmaceuticals, Inc. n/k/a*<br>*Janssen Pharmaceuticals, Inc.* | jmccauley@venable.com<br>jko'connor@venable.com |
| 21 | | *Attorney for Abbott Laboratories; Abbott*<br>*Laboratories, Inc.* |
| 22 | Kevin M. Sadler<br>Baker Botts LLP | Scott D. Powers<br>Baker Botts LLLP |
| 23 | 1001 Page Mill Road<br>Building One, Suite 200 | 98 San Jacinto Blvd., Suite 1500<br>Austin, Texas 78701-4039 |
| 24 | Palo Alto, CA 94304-1007<br>Tel: 650.739.7500 | Tel: 512.322.2678<br>Fax: 512.322.8392 |
| 25 | Fax: 650.739.7699 | scott.powers@bakerbotts.com |
| 26 | | |

8

6301750v1(68026.1)

| | |
|---|---|
| kevin.sadler@bakerbotts.com<br>*Attorney for Depomed, Inc.* | *Attorney for Depomed, Inc.* |
| John D. Lombardo<br>ARNOLD & PORTER KAYE SCHOLER LLP<br>777 S. Figueroa Street<br>44th Floor<br>Los Angeles, CA 90017<br>(213) 243-4000<br>john.lombardo@arnoldporter.com<br>*Attorney for Endo Health Solutions, Inc.; Endo Health Pharmaceuticals, Inc.* | Rocky C. Tsai<br>**ROPES & GRAY LLP**<br>Three Embarcadero Center<br>San Francisco, CA 94111-4006<br>Telephone: (415) 315-6300<br>rocky.tsai@ropesgray.com<br>*Attorney for Mallinckrodt, LLC; Mallinckrodt, PLC; SpecGx, LLC* |
| J. Matthew Donohue<br>Joseph L. Franco<br>HOLLAND & KNIGHT LLP<br>2300 U.S. Bancorp Tower<br>111 S.W. Fifth Avenue<br>Portland, OR 97204<br>Telephone: (503) 243-2300<br>Facsimile: (503) 241-8014<br>matt.donohue@hklaw.com<br>joe.franco@hklaw.com<br>*Attorneys for Insys Therapeutics, Inc.* | Donna Welch, PC<br>Martin L. Roth<br>Timothy Knapp<br>KIRKLAND & ELLIS LLP<br>300 North LaSalle<br>Chicago, Illinois 60654<br>(312) 862-2000<br>donna.welch@kirkland.com<br>martin.roth@kirkland.com<br>timothy.knapp@kirkland.com<br>*Attorneys for Allergan PLC f/k/a Actavis PLS; Watson Pharmaceuticals, Inc. aka Actavis Inc.* |
| Jennifer G. Levy, PC<br>KIRKLAND & ELLIS LLP<br>655 Fifteenth Street, NW<br>Washington, DC 20005<br>(202) 879-5000<br>jennifer.levy@kirkland.com<br>*Attorney for Allergan PLC f/k/a Actavis PLS* | Daniel G. Jarcho<br>ALSTON & BIRD, LLP<br>950 F Street NW<br>Washington DC, 20004<br>(202) 239-3254<br>daniel.jarcho@alston.com<br>*Attorney for Noramco, Inc.* |
| Cari K. Dawson<br>Jenny A. Mendelsohn<br>ALSTON & BIRD LLP<br>1201 West Peachtree Street NW<br>Atlanta, GA  30309<br>(404) 881-7000<br>Cari.dawson@alston.com<br>Jenny.mendelsohn@alston.com<br>*Attorneys for Normaco, Inc.* | James W. Matthews<br>Katy E. Koski<br>Redi Kasollja<br>FOLEY & LARDNER LLP<br>111 Huntington Avenue<br>Boston, MA 02199<br>Telephone: 617.342.4000<br>Facsimile: 617.342.4001<br>jmatthews@foley.com<br>kkoski@foley.com<br>rkasollja@foley.com<br>*Attorneys for Anda, Inc.* |

| Kathleen L. Matsoukas<br>Oni N. Harton<br>BARNES & THORNBURG LLP<br>11 South Meridian Street<br>Indianapolis, Indiana 46204-3535<br>Tel: (317) 231-7332<br>Fax: (317) 231-7433<br>kathleen.matsoukas@btlaw.com<br>oni.harton@btlaw.com<br>*Attorneys for H.D. Smith, LLC f/k/a H.D. Smith Wholesale Drug Co.* | Adam Weisman<br>HINDERAKER RAUH & WEISMAN, P.L.C.<br>2401 East Speedway Boulevard<br>Tucson, Arizona 85719<br>Tel: (520) 881-6607<br>Fax: (520) 881-6775<br>adam@hrtucson.com<br>*Attorneys for Henry Schein, Inc.* |
|---|---|
| John P. McDonald<br>jmcdonald@lockelord.com<br>C. Scott Jones<br>sjones@lockelord.com<br>Brandan J. Montminy<br>brandan.montminy@lockelord.com<br>LOCKE LORD LLP<br>2200 Ross Avenue, Suite 2800<br>Dallas, Texas 75201<br>Telephone: (214) 740-8000<br>Facsimile: (214) 740-8800<br>*Attorneys for Henry Schein, Inc.* | Enu Mainigi<br>F. Lane Heard III<br>Steven M. Pyser<br>Ashley W. Hardin<br>WILLIAMS & CONNOLLY LLP<br>725 Twelfth Street, NW<br>Washington, DC 20005<br>Tel: (202) 434-5000<br>Fax: (202) 434-5029<br>emainigi@wc.com<br>lheard@wc.com<br>spyser@wc.com<br>ahardin@wc.com<br>*Attorneys for Cardinal Health, Inc.* |

By: *s/Sonia M. Leon, Legal Assistant*

10

6301750v1(68026.1)

# EXHIBIT "1"

FILED
TONI HELLON
CLERK, SUPERIOR COURT
9/14/2018 1:35:28 PM
CASE C20184213

Adam Weisman, Esq. ASB 22086, PCC 65638
**HINDERAKER RAUH & WEISMAN, P.L.C.**
2401 East Speedway Boulevard
Tucson, Arizona 85719
(520) 881-6607
(520) 881-6775 (fax)
adam@hrtucson.com

LOCKE LORD LLP
John P. McDonald *Pro hac vice to be submitted*
C. Scott Jones *Pro hac vice to be submitted*
Brandan Montminy *Pro hac vice to be submitted*

Attorneys for: Defendant Henry Schein, Inc.

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
# IN AND FOR THE COUNTY OF PIMA

| | |
|---|---|
| TUCSON MEDICAL CENTER, a corporation, | No. C20184213 |
| Plaintiff, | **STIPULATED ORDER TO CONTINUE TIME FOR ANSWER** |
| vs. | Assigned to: The Hon. Brenden J. Griffin |
| PURDUE PHARMA L.P., *et al.* | |
| Defendants. | |

This matter came on before the Court on Plaintiff and Defendants Henry Schein, Inc. and McKesson Corporation's Stipulation to Continue Time for Answer, and good cause appearing therefor, IT IS HEREBY ORDERED that the deadline for Distributor Defendants, including Henry Schein, Inc. and McKesson Corporation, to file an Answer is extended to October 15, 2018.

DONE IN CHAMBERS this 14th day of September, 2018

/s/
**HON. BRENDEN J. GRIFFIN**
(ID: b0acb963-0702-4a4e-aa68-58cde23db10d)

**COURT NOTICE**
THE ORIGINAL FILER MUST SERVE A COPY OF THIS ORDER
ON ALL PARTIES HAVING APPEARED IN THIS CASE