IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tucson Medical Center,<br><br>  Plaintiff,<br><br>v.<br><br>Purdue Pharma LP, et al.,<br><br>  Defendants. | No. CV-18-00481-TUC-RCC<br><br>**ORDER** |

Currently pending before the Court are Plaintiff's Emergency Motion and Emergency Response, both of which seek remand (Docs. 7 and 11), Distributor Defendants' Motion to Stay Proceedings Pending Likely Transfer to Multidistrict Litigation (Doc. 22), Distributor Defendants' Third Motion for Extension of Time to File Answer (Doc. 43), and Defendant McKesson Corporation's Motion to Stay Execution of any Remand Order for 14 Days Pursuant to Fed. R. Civ. P. 62(a)(Doc. 40). The parties have briefed these issues and oral argument concerning the same was held on October 4, 2017. Having considered the vast array of pleadings, notices and exhibits filed in this consolidated case as well as the state court record, the Court makes the following findings and rulings.

As a preliminary matter, the parties are well aware of the facts relevant to these motions and procedural posture of this action. The Court will not exhaustively recount these here, but will note the following. First, that this case shares common factual questions with matters previously transferred to Multidistrict Litigation ("MDL") matter,

No. 2804 pursuant to 28 U.S.C. § 1407.  Second, that Defendant McKesson Corporation ("McKesson") remains a party to this matter, and that the basis for its removal was the Federal Officer Removal statute, 28 U.S.C. § 1442(a)(1).  Doc. 13 at ¶4.  Third, that it is undisputed that the federal contract McKesson relies on in support of its federal officer removal argument is the same Pharmaceutical Prime Vendor Contract ("PPV Contract") which the MDL court considered in its order of September 4, 2018 denying remand as to a limited category of MDL cases.  *Compare* Doc. 13 at ¶10, and Opinion and Order, *In re Nat'l Opiate Litig.*, M.D.L. 2804 (N.D. Ohio Sept. 4, 2018), ECF No. 934 at 7 (citing ECF 1:18-OP-45695 Doc. 29 at 13).

The parties disagree as to the weight this Court should afford the MDL's September 4, 2018 order and whether the instant matter is, in all relevant ways, inapposite to those addressed by the MDL court by and through that order.  *See* Docs. 11: 7,10; 38: 2-4, 11-12.  Additionally, the parties disagree was to what effect, if any, to give to Plaintiff's pleading, entitled "Plaintiff's Notice of Disclaimer and Waiver of Claims and Rights to Recovery Against Defendant McKesson."  *See* Docs. 41, 46.  To this Court's knowledge, no other attempt to defeat the applicability of §1442 has occurred in post-removal opiate-litigation proceedings.  However, the possibility exists that such efforts might be attempted by other Plaintiffs in other proceedings that have been or will be transferred to the MDL court.

In light of these circumstances, the Court finds it appropriate to order a qualified, temporary stay of these proceedings until such time as the Judicial Panel on Multidistrict Litigation ("JPML") makes a final transfer decision.  This Court agrees that transfer is likely, that "deference to the MDL court . . . provides 'the opportunity for the uniformity, consistency, and predictability in litigation that underlies the MDL system[,]'" *Cty. Of San Mateo v. McKesson Corp.*, No. 3:18-cv-04535 (N.D. Cal. Aug. 28, 2018), ECF No. 22, and that such consistency is desirable in cases such as these.  Also, the Court will treat the Plaintiff's Notice of Disclaimer and Waiver of Claims (Doc. 41) as a motion to amend the Complaint, which it will also deny, without prejudice.  *See Williams v. Costco*,

471 F.3d 975, 976 (2006). Plaintiff may raise the issue again with the MDL court, if it chooses.

The parties should note that the stay the Court is imposing is qualified. In order to ensure that this litigation progresses, this Court also finds it appropriate to require Distributor Defendants to file their Answer to the Complaint on or before October 31, 2018.

Due to its decision to stay this matter, the Court will also not reach the merits of the Motion to Remand which concerns the federal question jurisdiction invoked in AmerisourceBergen Drug Company's notice of removal. *See* Doc. 7.

Finally, this Court is compelled to note that it is neither ignorant of, nor unsympathetic to, the effects of the opioid public health crisis here in our District. However, it is convinced that any hardship that might result from this temporary stay is outweighed by the benefits of centralized consideration of the jurisdictional issues by the MDL court. Accordingly,

. . .

. . .

. . .

**IT IS ORDERED**:

(**1**) The Court construes Plaintiff's Notice of Disclaimer and Waiver of Claims (**Doc. 41**) as a motion to amend the Complaint, which it will also **DENY**, **WITHOUT PREJUDICE**. The Clerk of the Court shall modify the docket accordingly.

(**2**) The Court will **GRANT, IN PART** Distributor Defendant's Motion to Stay Proceedings Pending Likely Transfer to Multidistrict Litigation (**Doc. 22**). The stay on these proceedings shall be subject to the remaining terms of this Order.

(**3**) Distributor Defendant's Third Motion for Extension of Time to File Answer (**Doc. 43**) is **GRANTED**. Distributor Defendants shall have until October 31, 2018 to file their

Answer(s) to the Complaint.

Dated this 5th day of October, 2018.

_____
Honorable Raner C. Collins
United States District Judge